19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 La-Rye V. AVILA, Plaintiff-Appellant,
and
Al Casias, Plaintiff,
v.
George SULLIVAN, Dir. Offender Services; Bob Hickox, Warden
DCC; and Warren T. Diesslin, all DOC Wardens,
Defendants-Appellees.
 No. 93-1349.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 La-Rye Avila,[2] a prisoner at the Centennial Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C.1983 primarily alleging that his personal property was confiscated, destroyed, stolen, and restricted, in violation of constitutional liberty interests created by policies and regulations of the Colorado Department of Corrections. The magistrate judge recommended that Mr.Avila's complaint be dismissed. On July 28, 1993, the district court issued its order dismissing the complaint, observing that: "[t]he plaintiff has failed to file specific written objections to the recommendation. Accordingly, the plaintiff is barred from a de novo determination of the proposed findings and recommendations." R. Vol. I, tab 8.
 
 
 3
 On appeal, Mr. Avila generally disputes the outcome below and restates his arguments, as well as contesting the district court's finding that Mr.Avila did not file objections. The record does show that Mr. Avila filed written objections with the court on July 28, 1993, the same day that the district court issued its order of dismissal, and more than the required ten days from the date that the magistrate judge filed his recommendation.
 
 
 4
 We have conducted our own de novo review of the record, taking into account Mr.Avila's untimely objections to the magistrate's recommendation. Based on that review, we conclude that the district court did not err in dismissing Mr.Avila's complaint. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The complaint was filed by Mr. Avila and Al Casias. Mr. Casias did not file a notice of appeal, and his case is not before us